UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GREGG T SUMMERVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-02099-WTL-TAB |
| | ) | |
| COVINGTON COAL LLC, | ) | |
| PETER K MORAN, | ) | |
| PAUL  MORAN, | ) | |
| MORAN COAL MANAGEMENT, LLC, | ) | |
| JOHN  LEABERRY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT'S MOTION TO RECONSIDER**

Defendant John Leaberry asks the Court to amend a prior order by removing half of one sentence in the background section.  The Court stated, "Englemeier had been working with Leaberry, who is an attorney and was the CFO of Covington at the time of the loan."  [Filing No. 121, at ECF p. 2.]  Leaberry argues that his answer to the complaint denies that he was ever the CFO of Covington.  The Court disagrees.  However, it appears that whether Leaberry was the CFO at the time of the loan was not established in the pleadings.  The Court thus grants Leaberry's motion in part.

Federal Rule of Civil Procedure 8(b)(6) states that "[a]n allegation … is admitted if a responsive pleading is required and the allegation is not denied."  However, if the answering party states that he has a lack of "knowledge or information sufficient to form a belief about the truth of an allegation," the allegation is effectually denied.  *Id.* 8(b)(5).

Leaberry's answer does not deny—and thereby admits—that he was previously the CFO of Covington.  In the amended complaint, Plaintiff Gregg T. Summerville alleges that "John

Leabery was and is the CFO, an officer of Covington Coal and lawyer for the Moran's [sic] and Covington." [Filing No. 69, at ECF p. 2.]  Leaberry's answer states that he "denies that he is the CFO or other officer of Covington." [Filing No. 75, at ECF p. 2-3.]  While Leaberry denies that he was the CFO of Covington when he filed his answer, he did not deny that he was formerly the CFO of Covington.  Without such a denial, Leaberry effectively admits he was the CFO pursuant to Rule 8(b)(6).

However, this is where the Court must split a hair.  Leaberry's larger rhetorical paragraph to the first allegation of the amended complaint concludes by stating that the he "lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations of Paragraph 1." [Filing No. 75, at ECF p. 3.]  Thus, the Court must determine whether Leaberry's catch-all "lack of knowledge" statement applies to the portion of Summerville's allegation that Leaberry "*was* the CFO."

There are exceptions for claiming "lack of knowledge" under Rule 8(b)(5), such as matters "where the defendants could have informed themselves on the issues in question 'with the slightest effort.'" *F.D.I.C. v. Coleman Law Firm*, No. 11 CV 8823, 2012 WL 5429151, at *1 (N.D. Ill. Nov. 7, 2012) (citing *Exch. Nat'l Bank of Chi. v. Brown,* No. 84 C 10801, 1985 WL 2274, at *2 (N.D. Ill. Aug. 9 1985)).  The present issue fits squarely in this exception.  Leaberry is certain to have first-hand knowledge about whether he was formerly the CFO of Covington and with the slightest effort, he could have denied that he "*was* the CFO" of Covington.  He did not.  He only denied that he "*is* the CFO."

The hurdle for claiming "lack of knowledge" under Rule 8(b)(5) is "higher than the absence of actual knowledge." *F.D.I.C.*, 2012 WL 5429151, at *2.  For example, involvement in the event at issue likely provides an individual with enough knowledge and information to form

a belief. *Id*.  So too here, Leaberry must have enough knowledge and information to at least form a belief about whether he was formerly the CFO of Covington.[1]  Leaberry cannot lack enough knowledge and information about himself in this scenario for Rule 8(b)(5) to apply.[2]  Thus, the Court will not apply "lack of knowledge," and concludes that by only denying that he "*is* the CFO," Leaberry admitted that he "*was* the CFO."

The Court therefore finds that it did not erroneously state, "Englemeier had had been working with Leaberry, who is an attorney and was the CFO of Covington."  However, "at the time of the loan" should be struck from this Court's prior order because the timing of Leaberry's role as CFO is not established.  [Filing No. 121, at ECF p. 2.]  Whether Leaberry was previously the CFO of Covington is not a disputed fact, but when he acted as the CFO is.[3]  Leaberry's motion to reconsider [Filing No. 123] is granted in part.

Date: March 7, 2016.

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] Summerville presents the Court with an email containing a statement by Englemeier that Leaberry was the CFO of Covington during loan negotiations.  [Filing No. 130.]  Leaberry presents the Court with an email containing a statement by Englemeier that Leaberry was never the CFO of Covington.  [Filing No. 133-1.]  These statements are completely inconsistent, but they do not constitute a denial by Leaberry that he "was the CFO of Covington at the time of the loan."

[2] If Leaberry improperly brings Rule 8(b)(5) into play, "he might perhaps become vulnerable under Rule 11(b) or even 28 U.S.C. § 1927."  *F.D.I.C.*, 2012 WL 5429151, at *2.

[3] The amended complaint alleges that "[o]n October 23, 2012 the CFO of Covington, Leaberry sent an email to Summerville."  [Filing No. 69, at ECF p. 5.]  Leaberry's response that he "denies that he is the Chief Financial Officer of Covington," but "admits that he sent an email to Mr. Summerville on October 23, 2012," at least suggests that he might have been the CFO of Covington at the time of the loan.  [Filing No. 75, at ECF p. 9.]  Nevertheless, it does not establish that Leaberry was the CFO "at the time of the loan."

Distribution:

Copies to be distributed to
all counsel of record through
the Court's electronic filing system.


PAUL  MORAN
200 Upper Kanawha Valley Way
Chelyan, WV 25035

PETER K MORAN
200 Upper Kanawha Valley Way
Chelyan, WV 25035